

**SIGNED this 18th day of October, 2010.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-11507-CAG |
| | § | |
| CRESCENT RESOURCES, LLC, et al. | § | CHAPTER 11 |
| | § | (Jointly Administered) |
| Debtors. | § | |

| | | |
|---|---|---|
| POLK-SULLIVAN, LLC, a North Carolina | § | |
| Limited Liability Company, and CHATHAM | § | |
| PARTNERS, LLC, a North Carolina Limited | § | |
| Liability Company, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | ADV. NO. 10-01063- CAG |
| v. | § | |
| | § | |
| THE PARKS AT MEADOWVIEW, LLC, a | § | |
| Delaware Limited Liability Company, and | § | |
| CRESCENT RESOURCES, LLC, a Georgia | § | |
| Limited Liability Company, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS CLAIMS AND TO DISMISS CRESCENT RESOURCES AS A PARTY

Came on to be considered the above styled and numbered bankruptcy proceeding and, in particular, the Motions to Dismiss Claims and to Dismiss Crescent Resources as a Party by The Parks at Meadowview ("PML") and Crescent Resources, LLC ("Crescent") (collectively "Defendants") on June 23, 2010 (docket #20 and 21). Plaintiffs Polk-Sullivan, LLC ("Polk-Sullivan") and Chatham Partners, LLC ("Chatham") (collectively "Plaintiffs") responded to the Motions to Dismiss on August 26, 2010 (docket #30). The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K). For the reasons stated herein, the Court finds that the Motion to Dismiss Claims should be denied, and that the Motion to Dismiss Crescent as a Party should also be denied.

### BACKGROUND

On November 23, 2005, Plaintiffs and PML entered into a Purchase and Sale Agreement ("PSA"), in which Plaintiffs would convey to PML a parcel of property (the "Meadowview Property"). Plaintiffs also owned property near the Meadowview Property ("Plaintiffs' Other Property") and planned to purchase another parcel of land adjacent to the Meadowview Property (the "Harris Tract"). The Purchase and Sale Agreement imposed obligations on both PML and Plaintiffs, including a requirement that PML make certain improvements[1] on the Meadowview Property and provide Plaintiffs with access to those improvements[2] (Amended Cmplt. ¶ 11). Plaintiffs also entered into a Cooperation Agreement with both PML and Crescent, which

---

[1] Specifically, the language of the PSA required PML to build roadway segments, wastewater transmission lines, and spray irrigation lines (docket #27).
[2] The PSA grants "non-exclusive easements" to connect to the water and wastewater lines constructed by PML, as well as to use the spray irrigation field improvements. Also, the PSA obligates PML to provide "non-exclusive easements for the benefit of [Plaintiffs'] adjoining property" (PSA ¶ 19).

2

detailed a plan for all parties to develop the various properties into a residential subdivision (Amended Complt. ¶¶ 12-14).

After the execution of the Purchase and Sale Agreement, Plaintiffs filed suit in Chatham County, North Carolina, alleging that Defendants did not fulfill their obligations under the agreement and claiming relief under various theories, including specific performance of a conveyance of real property and promissory estoppel (Amended Complt. ¶¶ 33-38). Plaintiffs also filed a lis pendens on the Meadowview Property, alerting potential buyers that a suit affecting interest in that property is currently being litigated. Defendants moved to dismiss both the claim for specific performance and promissory estoppel claim, and to cancel the notice of lis pendens; the case was subsequently transferred to the U.S. Bankruptcy Court, Western District of Texas, Austin Division (docket #1).

### PARTIES' CONTENTIONS

Defendants contend that Claims I and III of Plaintiffs' Amended Complaint do not meet the plausibility standard required for a complaint to withstand a motion to dismiss. *See generally* ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2005); ***Ashcroft v. Iqbal***, 129 S.Ct. 1937 (2009). Specifically, Defendants argue that Plaintiffs are not entitled to specific performance because the PSA did not convey an interest in real property and that promissory estoppel, upon which Plaintiffs base their third claim for relief, is not an available remedy under North Carolina law. Plaintiffs contend that the PSA imposed an obligation upon Defendants to convey easements to Plaintiffs, which are an interest in real property and which can be enforced through specific performance. Plaintiffs also argue that the type of estoppel they claim is allowed under North Carolina law because, rather than using estoppel merely as a substitute for a contract, which is prohibited by North Carolina law, Plaintiffs contend that they can still recover on the equitable

basis that Defendants benefitted from actions taken by Plaintiffs in reliance on the PSA and should therefore be estopped from denying the PSA's validity. Also, Plaintiffs allege that this Court cannot remove the lis pendens on the Meadowview Property until this lawsuit has been fully litigated.

**LEGAL ANALYSIS**

<u>Defendant's Motion to Dismiss</u>

A defendant's motion to dismiss may be accompanied by documents "that are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim. ***Causey v. Sewell Cadillac-Chevrolet***, 394 F.3d 285 (5th Cir. 2004). If the court finds documents to be outside of the pleadings or not central to the claim, the motion to dismiss "must be treated as a motion for summary judgment." ***Id.*** At any time, a judge may also take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. § 201(b). Defendants attached the Affidavit of Robert C. Sink to their motion to dismiss. The affidavit acknowledges Mr. Sink's role as counsel for Crescent and PML. Mr. Sink also authenticates all documents submitted to the court concerning agreements between the parties as true and correct copies. The documents to which he refers were included in his affidavit as exhibits. The documents include the PSA and its amendments, the Cooperation Agreement and its amendments, and maps and exhibits that show the development plan. These documents are central to the Plaintiffs' claims and Plaintiffs refer to them in their Complaint. Therefore, the inclusion of these documents does not convert this motion to dismiss to a motion for summary judgment.

Sufficiency of Plaintiffs' Amended Complaint

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. This requires stating facts that state a claim for relief, not merely stating labels or legal conclusions. *Twombly*, 550 U.S. at 555. This does not, however, require stating factual allegations that likely occurred—"a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely."" *Id.* (quoting *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Rather, a plaintiff merely need show that the factual allegations, taken as true, entitle the plaintiff to relief. *Hershey v. Energy Transfer Part.*, 610 F.3d 239 (5th Cir. 2010).

In *Twombly*, plaintiffs pleaded a class action under § 1 of the Sherman Antitrust Act, which prohibits anticompetitive conduct "effected by conduct, combination, or conspiracy." 550 U.S. at 548. Part of the plaintiffs' allegations included the accusation that Bell Atlantic, among other companies, "entered into a contract, combination or conspiracy to prevent competitive entry . . . and have agreed not to compete . . . and otherwise allocated customers and markets to each other." *Id.* at 551. The Court held that, because plaintiffs failed to provide any factual allegation to support the existence of an agreement, the pleaded 'facts' were merely legal conclusions, insufficient to withstand a motion to dismiss. *Id.* at 555. The Court also noted that, while plaintiffs' factual allegations must be taken as true, "the Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In *Iqbal*, plaintiff, who was detained in a maximum-security detention facility after the events of September 11, 2001, pleaded that defendants "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement" exclusively because of his race and national origin. 129 S.Ct. at 1950. Iqbal also labeled Ashcroft the "principle

architect" of the policy of singling out specific races and national origins and another defendant as "instrumental" in executing the policy. *Id.* at 1950. The Court held that these allegations were "conclusory, and therefore not entitled to be assumed true." *Id.* Accordingly, the Court dismissed the case. *Id.* at 1953.

In the instant case, Defendants wish the court to dismiss Claims I and III of Plaintiffs' Amended Complaint. In their Amended Complaint, Plaintiffs' allege the following facts relevant to the motion to dismiss:

1. Plaintiffs entered into a Purchase and Sale Agreement to sell the Meadowview Property to PML.
2. Plaintiffs owned the Harris Tract adjacent to the Meadowview Property.
3. Defendants represented that amenities were to be built on the Meadowview Property that would benefit development of the Harris Property.
4. The agreement imposed obligations on Defendants to construct or provide infrastructure and amenities as well as grant easements to use infrastructure and amenities, including a new spray irrigation structure.
5. The Meadowview Property and Harris tract were to be developed together into residential subdivisions.
6. Although the Harris tract had not been purchased yet, Defendants knew or should have known that Plaintiffs were going to buy the Harris tract as well as Plaintiffs' Other Property tract in reliance upon the Agreement.
7. Defendants failed to construct roadway segments, convey easements, and install the irrigation spray field improvements.

    8.    Plaintiffs suffered "substantial damages" as a result of Defendants' conduct including diminution of the value of Harris Tract and other property, delay of construction, and the reduction of value of the residential lots.

(Docket #18.)

In their first claim of relief, Plaintiffs seek declaratory judgment and specific relief for Defendants' failure to construct amenities or grant the easements. With respect to the easements, Defendants dispute that the Agreement conveyed easements to Plaintiffs, and Defendants merely meant to convey licenses. Defendants argue that, as licenses are not interests in real property, Plaintiffs would not be entitled to specific performance, and therefore the claim should be dismissed. However, at the pleading stage, the court is to take the factual allegations stated by Plaintiffs as true, and the court therefore takes as true the fact that PML agreed to convey easements.[3] Defendants also argue that the Agreement is not specific enough in terms of describing the type of interest to be conveyed to allow Plaintiffs to receive specific performance, and that specific performance would be too burdensome for a court to enforce. An evidentiary record should establish this fact, and this is an argument that should not be considered when determining the plausibility of a 12(b)(6) motion. Claim I withstands the motion to dismiss.

Claim III, which Defendants also seek to dismiss, alternatively seeks relief under a theory of estoppel because Plaintiffs "reasonably and foreseeably relied" on the representations made by Defendants, which were pleaded in Paragraph 11 of the Complaint. Plaintiffs' argument states simply that Defendants should be estopped from denying the existence of a contract because Defendants took benefits from the PSA and should not be allowed to now challenge its validity. North Carolina law supports this assertion under the doctrine of "quasi-estoppel." ***Reidy v.***

---

[3] Paragraph 19 of the PSA makes a specific reference to "non-exclusive easements." Further, there is insufficient evidence to establish that this Court cannot enforce the obligations under the PSA.

*Whitehart Ass'n, Inc.*, 648 S.E.2d 265, 268 (N.C. Ct. App. 2007) ("under a quasi-estoppel theory, a party who accepts a transaction or instrument and then accepts benefits under it may be estopped to take a later position inconsistent with the prior acceptance of that same transaction or instrument") (quoting *Whitacre P'ship v. Biosignia, Inc.*, 591 S.E.2d 870, 881-82 (N.C. Ct. App. 2004)); *Beck v. Beck*, 624 S.E.2d 411 (N.C. Ct. App. 2006) ("quasi-estoppel is based on a party's acceptance of the benefits of a transaction, and provides where one having the right to accept or reject a transaction or instrument takes and retains benefits thereunder, he ratifies it, and cannot avoid its obligation or effect by taking a position inconsistent with it"). In cases involving contract issues, courts have used this doctrine to prevent parties from arguing both sides of the case by accepting the benefits of the contract while still trying to deny its validity. *Brooks v. Hackney*, 404 S.E.2d 854 (N.C. Ct. App. 1991) (holding that, even though description of property was too ambiguous to constitute a contract, purchaser could still not deny existence of contract for purchase of property because buyer made payments for over eight years and paid a prorated amount of property tax); *Z.A. Sneeden's Sons v. ZP No. 116*, 660 S.E.2d 204 (N.C. Ct. App. 2008) ("[p]laintiffs are estopped from now asserting the easement did not give ZP and Lowe's access over the property" after plaintiffs were paid $150,000 in consideration for an easement).

In their Third Claim for Relief, Plaintiffs claim that they conveyed the Meadowview Property, purchased the Harris Tract and made plans for the development of both tracts, showing that Defendants did in fact benefit from the terms of the PSA. Taken as true, Plaintiffs plead with enough specificity to make a claim for relief under the doctrine of quasi-estoppel allowed under North Carolina law. Defendants cannot deny the validity of the PSA after reaping its benefits. Therefore, Claim III withstands the motion to dismiss.

Motion to Dismiss Crescent as a Party

Defendant Crescent Resources further moves that the court should dismiss them as a party from the proceedings because all agreements with Defendants imposed obligations on the Parks at Meadowview, not Crescent Resources. In support of this claim, Crescent claims that the Purchase and Sale Agreement, upon which Plaintiffs base most of their claims, does not impose an obligation on Crescent to do anything -- the Agreement merely imposes a duty on the Parks at Meadowview. In their Amended Complaint, Plaintiffs make several assertions under all three claims that state that both Crescent and PML had obligations under the PSA and that both parties subsequently breached their obligations. Plaintiffs further contend that Crescent Resources and PML are in essence the same entity, and that conduct by one party is the same as conduct by the other. Taking the Plaintiffs' allegations as true, both Crescent and PML would be liable under all three claims, and only an additional evidentiary record would be able to establish otherwise. At the pleadings stage, dismissing Crescent Resources as a party would be inappropriate.

Because the Motions to Dismiss are both denied, this Court does not reach the Defendants' argument that the Notice of Lis Pendens should be lifted.

IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss Claims and Motion to Dismiss Crescent Resources as a Party, in the above-styled and numbered adversary proceeding shall be, and hereby are, DENIED. All other relief is DENIED.

# # #